CHURCHILL *v.* HERRINGTON.

4-5436　　　　　　　　　　　　　　　127 S. W. 2d 123

Opinion delivered April 10, 1939.

*Chas. F. Cole,* for appellant.

*J. Paul Ward, W. D. Murphy, Jr.,* for appellee.

SMITH, J. This appeal is from the decree of the Independence chancery court quieting the title to a small lot

of land in appellee, and enjoining appellant from interfering with appellee's possession of the lot. This decree was entered at an adjourned day of the June, 1938, term of the court. At the prior term of the court an order had been made giving appellee thirty days in which to remove certain buildings he had erected on the land, otherwise a writ of possession to issue, but that order was vacated in effect by another order made at a later day of the same term setting the case down for final submission at the next regular or adjourned term of the court. It is insisted that this last order was ineffective to vacate the first one; but we do not think so. Both orders were entered at the same term of court, and the court had the power, during the term, to make any order which appeared appropriate.

It appears that on August 17, 1923, N. A. Winston owned a tract of land of which the disputed lot was a part, and on that day mortgaged the land to Bessie E. Stone to secure an indebtedness due her. A decree was rendered February 12, 1934, foreclosing this mortgage, and pursuant to this decree of foreclosure the land was sold by the commissioner in chancery to Mrs. Stone. This sale was duly approved and confirmed. Mrs. Stone conveyed the lot to D. P. Churchill, who seeks to dispossess appellee from the lot here in question.

Appellee claims to have bought the land from Winston prior to the execution of the mortgage to Mrs. Stone, and the testimony shows that he entered into possession of the lot prior to the execution of the mortgage to Mrs. Stone. The question is sharply disputed whether Winston ever executed a deed to appellee. If executed, the deed was lost without having been placed of record. Appellee testified that the deed was executed and delivered, and that he went into possession of the lot under it. Two witnesses testifed that they saw in appellee's possession a deed to him from Winston, but they did not know what land it conveyed. There is no contention that appellee ever purchased from Winston any land except the lot here in controversy. The court found the fact to be "that the deed was either made or was an oversight on the part of Winston."

Appellee testified that he took possession of the lot the last of 1922 or the first of 1923, and that he had since been continuously in possession of it, and that he advised Churchill of his possession and ownership of the lot before Churchill purchased the land of which the lot was a part from Mrs. Stone. This fact is denied by Churchill. There appears to be no controversy as to the boundaries of the lot which appellee claims. This lot was directly across the road from another tract of land which appellee owned, and the testimony shows that appellee has been continuously in possession since the date of his alleged purchase. Winston admits making a contract for the sale of the lot for a consideration which was paid, but denied having any recollection of ever having made a deed to appellee, and the effect of that testimony is to deny having made a deed to him. But, as we have said, appellee took possession of the lot under the contract, and has since continuously occupied and claimed to own it. He placed valuable improvements on the lot, and placed a fence around three sides of it.

The court made a finding of fact in favor of appellee, and this finding, which we cannot say is contrary to the preponderance of the evidence, is conclusive of the litigation.

In the case of *American Bldg. & Loan Assn.* v. *Warren*, 101 Ark. 163, 141 S. W. 765, it was said: "Ordinarily, possession by a person under a contract of purchase, although unrecorded, is notice of his equitable rights and interests in the property. Actual possession is evidence of some title in the possessor, and puts the subsequent purchaser or mortgagee on notice as to the title which the occupant holds or claims in the property. Generally, actual, visible and exclusive possession is notice to the world of the title and interest of the possessor in the property, and it is incumbent upon the subsequent purchaser or mortgagee to make diligent inquiry to learn the nature of the interest and claim of such possessor; and if he does not do so, notice thereof will be imputed to him." A number of cases are there cited to support this proposition of law.

The decree does not appear to be contrary to the preponderance of the evidence, and it is, therefore, affirmed.